119 N.J. Super. 306 (1972)
291 A.2d 381
THE LONG BRANCH DIVISION OF THE UNITED CIVIC AND TAXPAYERS ORGANIZATION, A CORPORATION OF THE STATE OF NEW JERSEY, VINCENT J. McCUE AND EDGAR DINKELSPIEL, PLAINTIFFS-APPELLANTS,
v.
DR. JAMES R. COWAN, COMMISSIONER OF HEALTH OF THE STATE OF NEW JERSEY, DR. MAURICE G. KOTT, ACTING COMMISSIONER OF THE DEPARTMENT OF INSTITUTIONS AND AGENCIES OF THE STATE OF NEW JERSEY, AND RICHARD RUSSO, DEPUTY DIRECTOR OF THE DEPARTMENT OF HEALTH, DIVISION OF NARCOTIC CONTROL, AND THE CITY OF LONG BRANCH, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1972.
Decided May 30, 1972.
*307 Before Judges SULLIVAN, LEONARD and CARTON.
Mr. Michael D. Schottland argued the cause for appellants (Messrs. Chamlin and Schottland, attorneys).
Mr. Joseph Clayton, Assistant Deputy Attorney General, argued the cause for respondents Dr. James R. Cowan, Dr. Maurice G. Kott and Richard Russo (Mr. George F. Kugler, Jr., Attorney General, attorney; Mr. Stephen Skillman, Assistant Deputy Attorney General, of counsel; Mr. Jonathan Weiner, Assistant Deputy Attorney General, on the brief).
Mr. Robert L. Mauro argued the cause for respondent City of Long Branch.
PER CURIAM.
Involved in this declaratory judgment action is the right of the State of New Jersey, through the State *308 Department of Health, Division of Narcotic and Drug Abuse Control (Department), to establish a residential narcotic rehabilitation and treatment center in Long Branch (City) for drug users from throughout the State, without approval of the City, the local Board of Adjustment or Planning Board.
Plaintiffs, citizens and taxpayers, sought to enjoin the establishment of the center. The City, named as a defendant, filed an answer admitting all of plaintiffs' allegations and joined in their request for relief. The Attorney General, as attorney for the three State officials designated as defendants, moved to dismiss plaintiffs' complaint on the ground that it failed to state a cause of action upon which the relief sought could be granted. Following argument, the court granted the motion and dismissed the complaint. The court found that the charge of arbitrary and unreasonable state action had not been alleged, but even if it had, it could not constitute the basis of a cause of action since it also found that the State's immunity was absolute.
Plaintiffs' complaint alleges the following: On or about July 11, 1971 certain named state officials announced the State's intention to purchase a building on Chelsea Avenue in Long Branch, which formerly housed a parochial school, from the owners thereof, the Sisters of Charity of Saint Elizabeth. The property is located in a residential zoning area and the surrounding neighborhood is made up of primarily one  or two-family residences, medical offices, a church, a synagogue and two elementary schools. Thereafter state representatives attended a public meeting in Long Branch and explained the intended program to, and answered questions of, interested citizens. On February 23, 1971 the city passed a resolution opposing the "proposed drug center site." On May 19, 1971 the State completed its purchase for the sum of $150,000 and is presently renovating the building for its contemplated use. The State did not apply for a "use variance" or for "site plan approval."
Plaintiffs and the city first contend that the Department does not have statutory authority to own and operate a *309 residential drug rehabilitation center. This contention lacks merit. Although the Narcotic and Drug Abuse Control Act of 1969, N.J.S.A. 26:2G-1 to 16), does not contain a specific authorization, the statute does give the Department broad powers to formulate a "comprehensive plan for the * * * development * * * of adequate services and facilities for the prevention and control of drug addiction and the diagnosis, treatment and rehabilitation of drug addicts" and "to * * * develop, establish * * * and conduct unified programs" and "within the amount made available by appropriation therefor implement and administer such programs." N.J.S.A. 26:2G-5(a) and 5(b). L. 1971 c. 96, effective April 8, 1971, appropriated funds to the Department specifically designated for the purchase and operation of facilities "for drug addicts and abusers." Part of this appropriated sum was used to purchase the instant premises. Thus, we find that the Department has statutory authority to own and operate a residential drug rehabilitation center such as is here contemplated.
Plaintiffs' assertion that the Department is subject to local zoning or planning control is likewise without merit. Considering the extent of the present-day state-wide drug problem and the policy considerations which surrounded the enactment of N.J.S.A. 26:2G etc., together with all other pertinent factors, we conclude that the Legislature intended to cloak the Department with immunity from such local control. See Rutgers v. Piluso, 60 N.J. 142, 152-153 (1972).
N.J.S.A. 40:55-1.13 does not include the Department among the public agencies which are thereby first required to secure planning board approval. Cf. N.J. Turnpike v. Sisselman, 106 N.J. Super. 358, 365-367 (App. Div. 1969).
However, such immunity is not completely unbridled; it must be exercised in a reasonable fashion so as not to arbitrarily override all important legitimate local interest. Rutgers v. Piluso, supra, at 153. Here plaintiffs and the city objected to the location of the drug center in a residential area, close to a church, a synagogue and a grammar school. *310 Plaintiffs in their complaint assert that the Department, in selecting the present site, acted in "complete and total disregard of the needs and desires of the local government and citizens" and have "ignored the local wishes and have proceeded on a course of forcing the City * * * and its residents to accept its plan at this location." Although the complaint does not specifically charge that the Department acted unreasonably or arbitrarily, the above-quoted language clearly implies such conduct and sets forth a colorable claim thereof. They were entitled to a hearing thereon.
Under these circumstances we are of the opinion that justice will best be served by our retaining jurisdiction and remanding this matter to the trial court, so that a hearing may be held, within 30 days of the date hereof, on the sole issue of whether the Department acted unreasonably or arbitrarily in selecting the instant site. The burden shall be upon plaintiffs and the city to prove such conduct. The remand judge shall make and file detailed findings of fact and conclusions of law upon the remanded issue. Within five days thereafter, plaintiffs and the city shall file joint or separate letter briefs. Department shall file an answering letter brief within five days thereafter. We shall advise counsel whether further oral argument is desired.
Remanded to the trial court to proceed in accordance herewith. Jurisdiction retained.